IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ABDIRISAK MOHAMMED, ET AL.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:19-cv-00139-DN<br><br>District Judge David Nuffer |

Plaintiff Bodyguard Productions, Inc. seeks entry of default judgment, a permanent injunction, and an award of attorney's fees against Defendant Kami Lynn.[1] Specifically, Plaintiff seeks an award of $10,000 in statutory damages against Defendant; a permanent injunction enjoining Defendant from directly or indirectly infringing Plaintiff's copyright in the motion picture *The Hitman's Bodyguard*; and an award of costs and attorney's fees.[2]

Plaintiff's counsel in this case is the same as the plaintiff's counsel in *LHF Productions, Inc. v. Gonzales et al.*, No. 2:17-cv-00103-DN (D. Utah). A complaint[3] and motion for default judgment[4] were filed in *Gonzales*, which are substantively identical to those filed in this case.[5] The only relevant differences are: the named plaintiff; the copyrighted work; and the named defendants.

---

[1] Plaintiff's Motion for Default Judgment, Permanent Injunction and Attorney's Fees as to Certain Defendants ("Motion"), docket no. 37, filed Dec. 22, 2020.

[2] *Id.* at 2.

[3] Amended Complaint for Copyright Infringement and Jury Demand, ECF No. 81 in *Gonzales*, filed June 20, 2019.

[4] Plaintiff's Motion for Default Judgment Permanent Injunction and Attorney's Fees as to Certain Defendants, ECF No. 96 in *Gonzales*, filed June 29, 2020.

[5] Amended Complaint for Copyright Infringement and Jury Demand ("Complaint"), docket no. 14, filed Apr. 30, 2019; Motion.

On October 28, 2020, a Memorandum Decision and Order Granting in Part and Denying in Part Motion for Default Judgment was entered in *Gonzales* ("*Gonzales* Memorandum Decision and Order").[6] Because this case and *Gonzales* are substantively identical, the *Gonzales* Memorandum Decisions and Order's analysis, findings of fact, and conclusions of law[7] are adopted in total and apply to Plaintiff's Motion in this case.

Defendant was served[8] with Plaintiff's Complaint; failed to timely appear and respond; and the Clerk has entered the default of Defendant.[9] Additionally, the factual allegations of Plaintiff's Complaint, which are deemed admitted,[10] demonstrate that Defendant is liable for willfully infringing[11] Plaintiff's copyright in the motion picture *The Hitman's Bodyguard* through use of BitTorrent protocols over the Internet.

Therefore, Plaintiff is entitled to entry of a default judgment against Defendant, which includes an award of statutory damages[12] against Defendant and a permanent injunction[13] enjoining Defendant from directly or indirectly infringing Plaintiff's copyright. Plaintiff is also entitled to an award of its costs and reasonable attorney's fees.[14] But because an award of $750 in statutory damages against Defendant is just under the circumstances,[15] rather than the $10,000 requested, Plaintiff's Motion[16] is GRANTED in part and DENIED in part.

---

[6] ECF No. 101 in *Gonzales*, filed Oct. 28, 2020 ("*Gonzales* Memorandum Decision and Order").

[7] *Id.* at 2-25.

[8] Proof of Service at 6, docket no. 27, filed Dec. 4, 2020.

[9] Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants, docket no. 31, filed Dec. 8, 2020.

[10] *Tripodi v. Welch*, 810 F.3d 761, 764-65 (10th Cir. 2016).

[11] 17 U.S.C. §§ 411(a), 501; *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177-1180 (10th Cir. 2009).

[12] 17 U.S.C. § 504(c).

[13] *Id.* § 502(a).

[14] *Id.* § 505.

[15] *Gonzales* Memorandum Decision and Order at 4-25.

[16] Docket no. 37, filed Dec. 22, 2020.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[17] is GRANTED in part and DENIED in part. Default judgment shall enter in favor of Plaintiff and against Defendant Kami Lynn. The default judgment shall include an award to Plaintiff of $750 in statutory damages against Defendant and a permanent injunction enjoining Defendant from directly or indirectly infringing Plaintiff's copyright in the motion picture *The Hitman's Bodyguard*. Plaintiff is also entitled to an award of its costs and reasonable attorney's fees, the amount of which shall be determined by subsequent motion.

IT IS FURTHER ORDERED that any motion for attorney's fees must be filed within 14 days after the default judgement's entry.

The Clerk is directed to close the case.

Signed December 23, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[17] Docket no. 37, filed Dec. 22, 2020.